IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA AILEEN CHARLIER )
) No. 17-649
)
v.

COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff's application involved alleged disability due to physical and mental impairments, including bipolar disorder and hepatitis C. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

**OPINION**

**I.      STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II.     THE PARTIES' MOTIONS

### A. Treating Psychiatrist

The contention that requires the most discussion is that the ALJ and Appeals Council improperly disregarded the medical opinion of Plaintiff's treating psychiatrist, Dr. Hiller. In

particular, Dr. Hiller opined that Plaintiff was markedly impaired in her ability to interact appropriately with supervisors, and with co-workers. The ALJ observed that Dr. Hiller's assessment relied heavily on Plaintiff's subjective reports, and overestimated her functional restrictions "given the minimally documented treatment findings and the noted inconsistencies with the record as a whole." Elsewhere, the ALJ noted that the records reflected that Plaintiff's psychiatric disorders were managed by conservative medications with minimal adjustments. She concluded, therefore, that Dr. Hiller's "assessments of marked limitations are not substantiated by the treatment records or consistent with the record as a whole and given little weight."

In addition to giving Dr. Hiller's opinion limited weight, I note that the ALJ afforded limited weight to the 2013 opinion of nonexamining initial level source Valorie Rings, Psy D. Dr. Rings concluded that Plaintiff was moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors. Further, Dr. Rings opined that Plaintiff was moderately limited in "the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." The ALJ afforded this opinion limited weight because Dr. Rings did not observe Plaintiff, or consider additional evidence submitted after her review. The psychiatric portion of the additional evidence to which the ALJ refers, Exhibits 12F-20F, consist of monthly office notes from Allegheny Behavioral Health, and somewhat illegible office notes from Dr. Hiller, encompassing a period from 2014 to 2015. Notably, when asked about an individual with marked impairment in interacting appropriately with supervisors, the vocational expert ("VE") testified that the individual could not engage in substantial gainful activity.

After assessing the evidence in this manner, the ALJ arrived at a residual functional capacity ("RFC"). The pertinent portions of the RFC provided for "work where a supervisor directs a person's activities…[and] the instructions come directly from a supervisor" and "work

3

in which the instructions are provided in written…format as well as by demonstration such that the job is explained and demonstrated to the person along with materials for future reference." It further provided, "contact with the public is limited to no contact face-to-face, occasional contact by phone, and no collaborative work." The RFC contains no limitations regarding contact or interaction with supervisors or co-workers.

An ALJ is certainly entitled to reject a treating physician's opinion. "While the ALJ is not required to accept all medical opinions in crafting the RFC, he must give some reason for discounting the evidence he rejects." Mitchell v. Colvin, No. 14-998, 2015 U.S. Dist. LEXIS 38530, at *4 (W.D. Pa. Mar. 26, 2015). Rejecting a treating psychiatrist's opinions because they are based on subjective reports leads into awkward territory.

> It is axiomatic that a treating psychiatrist must consider a patient's subjective complaints in order to diagnose a mental disorder. In fact, whether dealing with mental health or not, consideration of a "patient's report of complaints, or history, [a]s an essential diagnostic tool," is a medically acceptable clinical and laboratory diagnostic technique. This is especially true for diagnoses of mental disorders because unlike orthopedists, for example, who can formulate medical opinions based upon objective findings derived from objective clinical tests, scans or x-rays, a psychiatrist typically treats the patient's subjective symptoms or complaints about those symptoms.

Santana v. Astrue, No. 12-815, 2013 U.S. Dist. LEXIS 42788 (E.D.N.Y. Mar. 25, 2013) (citations omitted).

Further, "a treating physician's opinion that an individual cannot work may 'not be supplanted by an inference gleaned from treatment records reporting on [plaintiff] in an environment absent of the stresses that accompany the work setting.'" Callahan v. Astrue, No. 10-2179, 2011 U.S. Dist. LEXIS 129461, at *8 (E.D. Pa. Nov. 7, 2011) (quoting Morales v. Apfel, 225 F. 3d 310 (3d Cir. 2000)). Similarly, a treating source's "observations that [claimant] is 'stable and well controlled with medication' during treatment does not support the medical conclusion that [claimant] can return to work." Morales, 225 F. 3d at 319. The principle that an

4

ALJ cannot substitute her lay judgment for medical opinion is particularly profound in the context of mental impairments. Id. at 319.

Here, the ALJ's decision is rather non-specific and circular. The only medical opinions of record regarding Plaintiff's social limitations both agreed that she was at least moderately limited in dealing with supervisors. Nonetheless, the RFC specified that Plaintiff must be in a position in which instructions come directly from a supervisor, and that the work must be demonstrated to her by another person; because there exists no other medical opinion regarding Plaintiff's ability to deal with the public, it appears that the ALJ accepted Dr. Hiller's or Ms. Rings' opinions regarding Plaintiff's limitations in that regard. The ALJ's explanations for accepting some limitations and rejecting others is broad and nonspecific. Defendant characterizes the ALJ's decisions as "a reasonable reconciliation of conflicting evidence," but this is not such a reconciliation.

The records to which both Defendant and the ALJ point would undermine both limitations on interacting with the public and interacting with supervisors; it is utterly unclear why the ALJ accepted the former and rejected the latter. Moreover, it is not clear why Plaintiff's longitudinal treatment findings, which include bipolar disorder, panic disorder, obsessive compulsive disorder, and the need for multiple psychiatric medications and regular therapy, are inconsistent with Dr. Hiller's opinions. In this particular case, given the lack of explanation, I am unable to conclude that this aspect of the RFC is supported by substantial evidence. "Without a clear basis for the RFC, a reviewing court cannot be sure that the ALJ did not substitute his own speculation or opinion for that of medical sources. The need to guard against such substitution is 'especially profound in a case involving a mental disability.'" Shaw v. Colvin, No. 14-1501, 2015 U.S. Dist. LEXIS 89176, at *8 (W.D. Pa. July 9, 2015). Given that

the VE's testimony indicated that Plaintiff's ability to interact with supervisors could be dispositive of disability, this is not harmless. Remand is warranted.

### B. Remaining Arguments

First, Plaintiff argues that the ALJ erred in finding that she did not have severe impairments, including musculoskeletal problems, migraine headaches, and abdominal pain. If an ALJ finds in a claimant's favor at step two of the sequential analysis, the failure to find a particular impairment to be severe is, generally speaking, harmless. Butler v. Colvin, No. 15-545, 2016 U.S. Dist. LEXIS 134651, at *30 (E.D. Pa. July 5, 2016). Here, the ALJ found that Plaintiff had several severe mental and physical impairments, and the analysis proceeded beyond step two. Accordingly, any error was harmless, and Plaintiff's contentions are rejected.

Plaintiff also urges that the ALJ erred in his residual functional capacity ("RFC"), because there is evidence that Plaintiff is unable to perform the work noted in the RFC. I reject this contention. "The mere existence of treatment records tending to support Plaintiff's claim does not undermine the ALJ's conclusions; the ALJ considered and weighed the entire record, and this Court is not permitted to reweigh the evidence." Ludrosky v. Berryhill, No. 16-1895, 2018 U.S. Dist. LEXIS 17011, at *6 (W.D. Pa. Feb. 2, 2018).

Next, Plaintiff argues that the ALJ relied on an incomplete hypothetical question posed to the vocational expert ("VE"). The VE testified that for an individual who would miss more than one day of work per month, or would be off task greater that fifteen percent of the workday, no work was available. In addition, the VE testified similarly for one who was markedly impaired in the ability to interact appropriately with supervisors. Plaintiff asserts that she has these limitations, and the ALJ disregarded them. Again, evidence that would support certain limitations does not mean that the ALJ is bound to accept that evidence. To the extent that

reconsideration on remand affects the ALJ's RFC, of course, the ALJ might choose to take additional VE testimony.

Plaintiff also challenges the ALJ's assessment of her subjective pain complaints. She argues that in discounting her complaints, the ALJ mischaracterized the medical records. She does not, however, specify those mischaracterizations.

> An ALJ is charged with the responsibility of determining credibility. The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.

Frey v. Colvin, No. 15-36J, 2015 U.S. Dist. LEXIS 136098, at *7 (W.D. Pa. Oct. 6, 2015) (citations omitted).

Here, Plaintiff has not cast doubt on the ALJ's overall credibility findings. I do, however, note concerns regarding the ALJ's treatment of Plaintiff's subjective complaints regarding her mental impairments. The ALJ appeared to discount those complaints because her mental conditions are medically managed, and have not required emergency or inpatient treatment. For reasons similar to those discussed supra, these reasons alone would not provide adequate grounds to question Plaintiff's credibility. The ALJ, however, is entitled to consider Plaintiff's inconsistent reporting of her physical ailments when assessing her overall credibility. Although the ALJ's credibility assessment is not a basis for remand, in light of the remand for reconsideration of medical opinion regarding Plaintiff's social limitations, the ALJ should take the opportunity to reconsider Plaintiff's subjective complaints that bear on that issue.

Finally, Plaintiff contends that the Appeals Council violated her due process rights by failing to include in the record medical evidence submitted after the ALJ's decision. The

7

Appeals Council noted that the evidence submitted was dated 2016, and the ALJ decided the case through September, 2015. Therefore, although the Appeals Council indicated that it "looked at" the evidence, it determined that the evidence "does not affect the decision about whether you were disabled beginning on or before September 10, 2015." The "new evidence" is not part of the record, for reasons that are unclear, and Plaintiff does not fully explain the nature of the evidence or why the Appeals Council's conclusions were incorrect. She does not suggest that the evidence is new or material, or that she had cause for failing to present the evidence to the ALJ. Because the matter is remanded on other grounds, however, on remand the ALJ may assess the propriety of considering the evidence referred to.

## CONCLUSION

For the foregoing reasons, this matter will be remanded for further proceedings consistent with the foregoing Opinion. On remand, the ALJ should reconsider or further explain the weight afforded the opinion of Dr. Hiller, with particular attention paid to Plaintiff's potential limitations regarding interaction with supervisors. In so doing, the ALJ may reconsider the entire record, as well as Plaintiff's credibility. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: June 7, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA AILEEN CHARLIER    )
                                                       ) No. 17-649
                                                       )
   v.

COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 7th day of June, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

                                           BY THE COURT:

                                           _/s/ Donetta W. Ambrose_

                                           Donetta W. Ambrose

                                           Senior Judge, U.S. District Court